# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DEBRA LYNN MEDFORD,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for CMALT REMIC 2006-A2, REMIC PASS-THROUGH CERTIFICATES, SERIES 2006-A2; CITIMORTGAGE, INC.; CITICORP MORTGAGE SECURITIES, INC.; NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1 through 20 inclusive,

Defendants.

No. 2:17-cv-01783-MCE-GGH

**MEMORANDUM AND ORDER**

By way of the present action, Plaintiff Debra Lynn Medford ("Plaintiff") seeks declaratory and injunctive relief as well as restitution and other costs from Defendants U.S. Bank Association ("US Bank"), CitiMortgage Inc. ("CITI"), Citicorp Mortgage Securities, Inc. ("CMSI"), and Northwest Trustee Services ("Trustee") related to the parties' rights and duties under Plaintiff's mortgage loan. Generally speaking, Plaintiff alleges that there are major defects in the assignments of the Deed of Trust ("DOT") and Substitution of Trustee to her mortgage loan. The Complaint sets forth three causes of action: (1) cancellation of instruments; (2) violation of California Business and

1

Professions Code section 17200, et seq.; and (3) declaratory relief.  Presently before the Court is Defendants' Motion to Dismiss.  ECF No. 6.  For the reasons stated below, Defendants' Motion is GRANTED with leave to amend.[1]

## BACKGROUND

On or about January 31, 2006, Plaintiff executed a Note and Deed of Trust in the amount of $500,000 (collectively "the loan").  Complaint, ¶ 12.  The DOT names Plaintiff as the borrower, American Brokers Conduit ("ABC") as the lender, North American Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary acting as "a nominee for the Lender and Lender's successors and assigns."  Id., ¶ 13.

ABC was a fictitious business name used by American Home Mortgage Corporation ("AHM").  AHM filed for Chapter 11 bankruptcy on or about August 6, 2007.  Id., ¶ 14.  Plaintiff alleges that the loan was an AHM asset put into a liquidation trust as part of the bankruptcy proceedings and was later sold to an unidentified party by the trustee of the liquidation trust.[2]  Id.

On July 25, 2012, MERS as nominee for ABC and its successors and assigns, assigned the DOT to CITI.  Id., ¶ 16.  CITI recorded the assignment on July 30, 2012.  Id.  About a month later, on August 28, 2012, CITI substituted Defendant Northwest Trustee Services, Inc. as Trustee.  This substitution was recorded on September 11, 2012.  Id., ¶ 17.  Plaintiff claims this 2012 assignment is void because MERS had no authority to act as ABC's agent since ABC had ceased operations and filed for bankruptcy in 2007.  Id., ¶ 16.

---

[1] Additionally, the Court takes judicial notice of Defendants' Exhibits A and C through E under Federal Rule of Evidence 201 as they are official public records, and of Exhibit B as it is an official court record.  Defs' RJN, ECF Nos. 6-1, 6-2.

[2] Plaintiff alternatively alleges that the loan was transferred or assigned to CITI, and that CITI sold the loan to CMSI, but that the sale agreement did not actually include Plaintiff's loan.  See Compl. ¶ 15.

2

Subsequently, on January 15, 2014, CITI assigned the DOT to Defendant US Bank. Id., ¶ 18. CITI recorded this assignment on January 27, 2014. Id. Plaintiff alleges this assignment is void for two reasons: (1) on or about May 1, 2006, CITI had sold the loan to CMSI; and/or (2) MERS did not have the authority to make the 2012 assignment to CITI. Id., ¶ 17.

This action was originally filed in the San Joaquin County Superior Court against US Bank, CITI, CMSI and Trustee on June 29, 2017. Defendants successfully removed the action to this Court on August 25, 2017.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating

///

3

that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

///

1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Defendants move to dismiss Plaintiff's claims against them on the basis that Plaintiff (1) lacks standing to challenge the assignment, (2) fails to plead facts sufficient to state a claim under any of the three pleaded causes of action.

### A. Standing

Defendants argue that Plaintiff lacks standing to challenge the assignment on the basis that a foreclosure has not taken place. Defendants assert that under California law Plaintiff must suffer a harm or particular injury, in this case a foreclosure, in order to have standing to challenge the assignment of the DOT. Because no foreclosure sale has taken place, Defendants argue the Complaint fails and the matter must be dismissed.

The Complaint mentions, in passing, foreclosure proceedings under the Second Cause of Action for Unfair Competition, but not under the First Cause of Action for Cancellation of Instruments or under the section reciting general factual allegations. Complaint, ¶¶ 35-36.[3] Under California Civil Code § 2924, upon a lender's request, a trustee starts the nonjudicial foreclosure process by recording a notice of default, and after a three-month waiting period the trustee may then record a notice of sale. Nowhere in her Complaint does Plaintiff allege that foreclosure proceedings have been initiated, and the Complaint is void of allegations discussing a notice of default or notice of sale.

In her Opposition, citing <u>Yvanova v. New Century Mortgage Corp.</u>, 62 Cal. 4th 919 (2016), Plaintiff argues that she has standing because the US Bank assignment is void and therefore US Bank does not have "legitimate authority to order a trustee's sale."

---

[3] Plaintiff does vaguely allege that "[t]he written instruments, if left outstanding, will cause reasonable apprehension that they will cause serious injury to Plaintiff . . . ." Compl. ¶ 28. An allegation that something might cause fear of future injury is not a sufficiently alleged injury.

5

1  Opposition at 4.  In Yvanova, a borrower brought a wrongful foreclosure action against
2  the foreclosing entity based on an allegation that the assignment of the deed of trust was
3  void.  Id. at 925.  Plaintiff is correct that the court there concluded that "a home loan
4  borrower has standing to claim a nonjudicial foreclosure was wrongful because an
5  assignment by which the foreclosing party purportedly took a beneficial interest in the
6  deed of trust was not merely voidable but void, depriving the foreclosing party of any
7  legitimate authority to order a trustee's sale."  Id. at 942-943.  Here, Plaintiff claims that,
8  just like in Yvanova, she has standing on the basis that she is asserting a void
9  assignment and, therefore, US Bank has no authority to order a trustee's sale. Opp. at 4.

Plaintiff is correct that under Yvanova her allegation that the MERS assignment, and therefore the subsequent assignments, are void gives her standing to bring the present suit.  But Plaintiff still must allege an injury in order to have standing, and her present allegations say nothing of any injury she has suffered.

Even the court in Yvanova specifically stated: "We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."  Id. at 924.  Plaintiff argues that this is not a pre-emptive suit and that she has provided facts to find that the foreclosure process was initiated by persons (Defendants) who "do not have the required authority because the assignment to them was void." Opp. at 5.  Additionally, Plaintiff argues that "there is no decision which requires a plaintiff to sit back while a futile trustee's sale of their home occurs."  Opp. at 4.

The Court disagrees.  As explained above, Plaintiff has not pled facts supporting a claim that foreclosure proceedings have actually been initiated.  Indeed, she alleges nothing regarding a notice of default or notice of sale.  Nor does Plaintiff's Complaint include a wrongful foreclosure cause of action.  Without alleging an injury, Plaintiff lacks standing to pursue her claims. Defendants' Motion to Dismiss is therefore GRANTED. Because the Court finds amendment may not be futile under these circumstances,

///

Plaintiff will be given the opportunity to file an amended complaint that, at a minimum, alleges a harm, such as a foreclosure or an impending trustee sale.

### B. Cancellation of Instruments

The Complaint alleges that the US Bank DOT is void on the basis that the previous assignment (from MERS to CITI) was void. Compl., ¶ 18. Plaintiff claims the previous assignment, made in 2012 from MERS to CITI, is void because the original lender (AHM), for whom MERS held the title, declared bankruptcy in 2007. Compl., ¶¶ 14-15.

Plaintiff's claim for cancellation of instruments focuses on this allegedly void assignment. California Civil Code § 3412 allows for a cancellation of instruments cause of action where "a written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

One requirement under § 3412 is that Plaintiff states facts supporting that the assignments are void or voidable. As discussed above, Defendants argue that Plaintiff has not pleaded facts to establish that the MERS to CITI assignment, and therefore the US Bank assignment, are void because they contend AHM's bankruptcy did not affect MERS' authority to continue acting as its nominee.

In support of this argument, Defendants cite to Siliga v. MERS, Inc., 219 Cal. App. 4th 75 (2013), (disapproved of on other grounds by Yvanova, 62 Cal. 4th 919), in which the borrower argued that MERS had no authority to assign the deed because the lender went out of business and filed for bankruptcy. There, the Court held that the bankruptcy did not nullify MERS' authority to assign the deed of trust: "[Lender's] chapter 11 bankruptcy petition, which we have judicially noticed at [borrower's] request, related to a reorganization and shows neither the company's death nor an incapacity to contract. [Borrowers] have not alleged facts showing any lapse in MERS' authority to assign the deed of trust on this basis." Id. at 84. AHM's bankruptcy

similarly arose under Chapter 11 and therefore—it appears—related to a reorganization. Thus, Defendants assert that the MERS assignment to CITI is valid absent a showing to the contrary.

Like in Siliga, Plaintiff's claim is based on MERS' authority ending after the original lender declared bankruptcy. Also like in Siliga, Plaintiff here fails to show that MERS' authority actually lapsed as a result of the bankruptcy, or otherwise. Indeed, Plaintiff does not plead facts showing that AHM dissolved its relationship with MERS (prior to or during the bankruptcy). Plaintiff also argues that since her loan was in a bankruptcy trust, only the bankruptcy trustee had the power to assign the loan. Again, Plaintiff fails to allege facts that the bankruptcy trustee did not use MERS' services as part of the liquidation process. Alternatively, Plaintiff also fails to allege facts showing that MERS was not acting as nominee to a third party who later assigned the deed to CITI.

Finally, Plaintiff's allegation that CITI was not the beneficiary of the DOT because it sold its interest to CMSI fails. Plaintiff fails to allege facts to support the conclusory statement that on May 1, 2006, CITI sold or transferred her loan to CMSI.

Consequently, Plaintiff fails to state a claim for cancellation of instruments. The Complaint does not allege facts supporting that MERS' authority lapsed during AHM's bankruptcy or that an exception to this rule exists. The cancellation of instruments cause of action is therefore DISMISSED with leave to amend on this additional ground.

**C.  California's Unfair Competition Law**

California's Business and Professions Code § 17200 et seq., more commonly known as California's Unfair Competition Law ("UCL"), defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." "Unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994) (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)). "The standard for finding an 'unfair' practice in a consumer action is intentionally broad, thus allowing courts

maximum discretion to prohibit new schemes to defraud. . . . [A]n 'unfair' business practice occurs when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Candelore v. Tinder, Inc., 19 Cal. App. 5th 1138, 1155-56 (2018) (citing Smith v. State Farm Mutual Automobile Ins. Co. (2001) 93 Cal. App. 4th 700, 718–719). A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 618 (1996) ("'Fraudulent' . . . does not refer to the common law tort of fraud but only requires a showing [that] members of the public 'are likely to be deceived'"). Additionally, "a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Defendants assert that Plaintiff's UCL claim is premised on the "unlawful" prong of the UCL. As such, they argue the claim must be dismissed because Plaintiff has failed to plead facts supporting her claim that Defendants committed unlawful conduct or that she has suffered an injury. Mot. to Dismiss at 11. Plaintiff's allegations could possibly be construed as being based on all three prongs of the UCL, but none are sufficient to survive Defendants' Motion to Dismiss in any event.

More specifically, the Complaint alleges unfair competition on the basis that Defendants made "deliberate misstatements and misrepresentations" regarding assignments, facilitated "unlawful foreclosure proceedings," and engaged in "other unlawful foreclosure practices" in violation of California Penal Code §§ 115 and 532(f)(a)(4). Compl., ¶¶ 33-34. Plaintiff further alleges Defendants had knowledge that the assignments were not valid and nonetheless initiated foreclosure proceedings.

The Court agrees with Defendants that Plaintiff has not alleged any facts with reasonable particularity demonstrating that Defendants committed any wrongdoing or prohibited conduct. California Penal Code § 115 states in part: "(a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed,

registered, or recorded under any law of this state or of the United States, is guilty of a felony." (Emphasis added.) Even construing the facts alleged in Plaintiff's favor, Plaintiff fails to sufficiently allege that Defendants knowingly or intentionally recorded invalid assignments as required by § 115. Similarly, Plaintiff fails to allege that anyone has been deceived by any alleged conduct of Defendants, or that Defendants' conduct was otherwise immoral, unethical, or oppressive.

Plaintiff's UCL claim is plagued by conclusory statements and lacks adequately pleaded facts in support of its conclusions. Thus, Plaintiff's unfair competition claim is DISMISSED with leave to amend for this additional reason.

### D. Declaratory Relief

Finally, the Complaint seeks a declaratory judgment to establish whether US Bank obtained the Note and/or Deed of Trust by any other legal means, and the respective rights and obligations of the parties under the loan. Plaintiff's claim for declaratory relief is derivative of her other two causes of action and, for the reasons described above, is therefore DISMISSED with leave to amend.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the complaint will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE